IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

WATERBABIES, LLC,

        Defendant.

No. C 09-01719 RS

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

## I. INTRODUCTION

This matter is before the Court on the Government's motion for default judgment. For the reasons stated below, the motion will be granted and default judgment will be entered against defendant Waterbabies, LLC, in the amount of $18,012.78.

## II. BACKGROUND

The Government filed the instant action in April 2009. According to the allegations of the complaint, a business called Water Babies Swimming Schools, Inc. ("Water Babies, Inc.") was operating at 973 Apricot Avenue, Campbell, California, для a period of time prior to 2003. In 2003, Water Babies, Inc., sold its Apricot Avenue property to another business with a similar name, called Waterbabies, LLC. Water Babies, Inc., then moved to 1027 Cherry Avenue in San Jose, California, and properly notified the IRS of its move.

United States District Court
For the Northern District of California

1   In 2007, the IRS determined that Water Babies, Inc., was entitled to a tax refund in the
2   amount of $15,745.35, due to an overpayment that had occurred in 1999. Accordingly, it issued a
3   refund check made out to Water Babies Swimming Schools, Inc. Instead of sending the check to
4   Water Babies, Inc., at the Cherry Avenue address, however, the IRS mistakenly sent the check to
5   Waterbabies, LLC, at the old Apricot Avenue address. Waterbabies, LLC, cashed the check.

6   The complaint further alleges that representatives of Waterbabies, LLC, have acknowledged
7   that they received the refund in error and recognized their obligation to repay the $15,745.35.
8   Nonetheless, the refund has not been repaid. Defendant Waterbabies, LLC, has made no appearance
9   in this lawsuit. Pursuant to the Government's motion, the Clerk of Court entered default on October
10  2, 2009. The Government now brings this motion for default judgment, requesting $18,012.78,
11  which is the original $15,745.35 plus statutorily-defined interest. The motion was heard on January
12  13, 2010. Defendant did not appear.

### III. STANDARD

Following entry of default, courts are authorized to grant default judgment in their discretion. *See* Fed. R. Civ. P. 55; *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising its discretion, the court must consider the following factors: (1) the merits of the plaintiff's substantive claim; (2) the sufficiency of the complaint; (3) prejudice to the plaintiff; (4) the sum of money at stake; (5) potential disputes concerning material facts; (6) whether default was due to excusable neglect; and (7) the Federal Rules of Civil Procedure's strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the factors above, all factual allegations in the plaintiff's complaint are taken as true, except for those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

### IV. DISCUSSION

In this case, virtually all of the *Eitel* factors weigh in favor of granting the Government's motion for default. As to the first three steps in the analysis, all of which relate to the merits of the Government's claim, there can be no question that these factors favor the Government. The United States has statutorily-conferred authority to sue a taxpayer to recover an erroneous refund, plus interest. 26 U.S.C. §§ 6602, 7405. As to the fourth and fifth factors—the sum of money at stake and the possibility of dispute over the facts—the original amount in controversy is fixed at

$15,745.35. It is difficult to imagine how this amount could be controverted, as the Government has provided a copy of the check that the IRS erroneously sent to Waterbabies, LLC. The interest on this amount is determined by I.R.S. regulation and is similarly unassailable. *See* I.R.C. §§ 6621, 6602. That interest has now accrued to $2,267.43, bringing the total to $18,012.78.

With respect to the sixth factor, it seems apparent that defendant's default was not due to excusable neglect. The record contains an affidavit from IRS Officer Norwood Maddry, who avers that he served the complaint, summons, and case management order on Joey Dimicelli, the owner of Waterbabies, LLC. Thus, there is little doubt the defendant was aware of the instant lawsuit; and indeed, taking the complaint as stated for these purposes, it appears that several months of negotiations took place prior to the filing of the lawsuit. It is thus unlikely that excusable neglect is the reason for the defendant's failure to appear before the Court.

Finally, of course, the Federal Rules' policy against entering default judgments must be considered. Generally speaking, "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. Here, Waterbabies, LLC, has been aware of this lawsuit since at least June 12, 2009, the day it was served; and it appears to have been conscious of its liability in this matter even longer. Yet it has failed to respond in any way. At this point, a decision on the merits is unlikely to be "reasonably possible." Moreover, the other six *Eitel* factors all weigh in the Government's favor. As a result, the courts' general reluctance to enter default judgment should be overcome in this instance. Default judgment therefore is appropriate in this case.

## V. CONCLUSION

Accordingly, the Government's motion for default judgment is granted. A judgment is filed in accordance herewith.

IT IS SO ORDERED.

Dated: 01/15/2010

_____
RICHARD SEEBORG
United States District Judge